**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CORNELL LOWERY,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL SCHNADER, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 25-CV-0235<br>:<br>:<br>: |

**MEMORANDUM**

**HENRY, J.**                                                                                          **FEBRUARY 11, 2025**

Cornell Lowery, a prisoner incarcerated at SCI Phoenix ("SCIP"), filed this civil rights action against Michael Schnader, the laundry supervisor at SCIP and SCIP Superintendent Joseph Terra. He claims he was fired from his prison laundry job because he left the area to attend Jummah service. Lowery also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed in part.

**I.    FACTUAL ALLEGATIONS**[1]

Lowery alleges that he was employed in the prison laundry at SCIP. On January 19, 2024, he received a disciplinary charge for refusing to obey an order and refusing work. (Compl. at 5; ECF No. 2-1 at 5.) Defendant Schnader is the supervisor of the laundry. (Compl. at 4.) He

---

[1] Lowery used the form complaint available to unrepresented litigants to file his claims and included additional handwritten pages and exhibits. (ECF Nos. 2, 2-1.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

allegedly accused Lowery falsely of disobeying an order not to leave work, an order that Lowery claims was never given, to attend religious service. (Compl. at 5; ECF No. 2-1 at 11 (misconduct report).) Lowery lost his prison job as a result. (Compl. at 5.) He alleges that he and another inmate were allowed to leave work for Jummah service that day, but after returning to his unit he learned that services were cancelled. (*Id*. at 7.) He was not allowed to return to the laundry and, later, Schnader "who let us leave issued me a misconduct for leaving for my religious service." (*Id*.) Lowery claims he was punished for leaving to attend his religious service in violation of his constitutional right to practice his faith and lost his job in violation of his due process rights since his evidence was ignored. (*Id*.)

Lowery received a disciplinary hearing for this incident. He claims his evidence was ignored and his own witness statement was "brushed to the side as if it didn't exist." (*Id*. at 5; *see also* ECF No. 2-1 at 8, 9 (Lowery's statement and witness statement).) He claims the hearing examiner refused to let him call a witness. (Compl. at 5; ECF No. 2-1 at 10 (denial of request for witness because it was "not needed").) Defendant Terra is named as a Defendant due to "his position as a Superintendent and overseer" at SCIP. (Compl. at 4.) He allegedly refused to do an independent investigation into Lowery's claim and "simply elected to believe his staff over an inmate period." (*Id*. at 5.) Lowery claims the disciplinary process was biased. (*Id*.) He seeks to be reinstated to his job and money damages. (*Id*. at 7.)

Lowery attached to his Complaint records from the disciplinary process. As noted, he was charged with refusing an order and refusing to work on January 19, 2024, to which he pled not guilty. (ECF No. 2-1 at 5.) The hearing examiner found him guilty of refusing to work but not guilty of refusing an order and sanctioned him to loss of his job. (*Id*. at 5, 7.) The SCIP Program Review Committee upheld the decision rejecting Lowery's arguments that the

procedures employed were contrary law, Department directives, or regulation, that the punishment was disproportionate, and that the findings of fact were insufficient to support the hearing examiner's decision.  (*Id*. at 5-6.)  The result was affirmed by Defendant Terra on February 21, 2024.[2]  (*Id*. at 3.)

## II.   STANDARD OF REVIEW

The Court grants Lowery leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115

---

[2] Also attached to the Complaint is a grievance form for which the handwritten portions are entirely illegible.  (*See* ECF No. 2-1 at 2.)  Even though Lowery does not discuss a grievance in the body of his Complaint, to the extent he intended to base a constitutional claim on the handling of a grievance by attaching the illegible form, it must be dismissed as implausible.  Claims based on the handling of prison grievances fail because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)).

[3] Because Lowery is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Lowery is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Lowery asserts constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

### A. Defendant Terra

The Court understands Lowery to assert a due process claim against Superintendent Terra based on his involvement in the disciplinary process that led to Lowery losing his job, and because he holds a supervisory position at SCIP. Neither basis states a plausible claim.

The allegation about Terra's involvement as final decision maker in the disciplinary process that led to Lowery's job loss fails to state a plausible due process violation because, in the prison context, "[d]ue process protection for a state created liberty interest is . . . limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In deciding whether conditions are atypical and significant for purposes of establishing a liberty interest, a court must consider "(1) the duration of the challenged conditions; and (2) whether the conditions overall

imposed a significant hardship in relation to the ordinary incidents of prison life." *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 848 F.3d 549, 560 (3d Cir. 2017). Further, a misconduct report, even if fraudulent, and related disciplinary sanctions "do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*), as "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*); *see also Smith v. Mensigner*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."). Lowery concedes that he was afforded a hearing, even if he disagrees with the way it was conducted and the result reached by prison officials, meaning that he cannot claim a due process violation. It is also well settled that a prisoner cannot state a plausible due process claim based on the loss of a prison job. *See Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014) (*per curiam*) ("Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection.") (citing *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989); *Paulson v. Burke*, No. 20-3678, 2020 WL 5407892, at *4 (E.D. Pa. Sept. 9, 2020) ("Paulson, however, cannot state a constitutional claim based on the loss of his work assignment because inmates do not have a constitutional right to employment during incarceration.")).

To the extent Lowery asserts that Terra is liable merely because he is the "overseer" of SCIP, that theory is also not plausible. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" a facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per*

5

*curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Also, liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, slip op. at 3-4 (3d. Cir. Nov. 28, 2022) (*per curiam*).

### B. Defendant Schnader

In addition to the implausible due process claim based on the loss of his laundry job, Lowery also asserts that Schnader issued the misconduct for leaving the laundry to attend Jummah religious service. (Compl. at 4, 7.) The Court understands Lowery to be alleging a First Amendment retaliation claim against Schnader and will serve this claim for a responsive pleading.

## IV. CONCLUSION

For the reasons stated, the Court will dismiss Lowery's due process claims against Defendants Terra and Schnader and serve the Complaint on Defendant Schnader for a responsive pleading on the First Amendment retaliation claim only. An appropriate Order will be entered.

**BY THE COURT:**

*s/Catherine Henry*
_____
**CATHERINE HENRY, J.**