IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORNELL LOWERY,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-0235** |
| : | |
| **MICHAEL SCHNADER,** *et al.*, : | |
|     **Defendants.** : | |

**ORDER**

AND NOW, this 11th day of February 2025, upon consideration of Plaintiff Cornell Lowery's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED**.

2.    Cornell Lowery, #LC-8740, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix, or other appropriate official, to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Lowery's inmate account; or (b) the average monthly balance in Lowery's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Lowery's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Lowery's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. Lowery's due process claims against Defendants Michael Schnader and Joseph Terra are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to terminate Joseph Terra as a Defendant.

7. Lowery's First Amendment retaliation claim against Defendant Schnader will proceed to service.

8. Pursuant to Federal Rule of Civil Procedure 4(d) and the Memorandum of Understanding ("MOU") between the Court and the Pennsylvania Department of Corrections ("DOC"), the Clerk of Court is specially **APPOINTED** to **REQUEST WAIVER OF SERVICE** by sending **(i)** the Complaint (ECF No. 2), **(ii)** this Order, and **(iii)** the attached Acceptance of Service Form(s), to the DOC Location(s) specified on the Acceptance of Service Form(s) for the following Defendant(s):

   a. Michael Schnader.

9. Pursuant to the MOU, the DOC (or counsel acting on its behalf), or a Contractor Defendant (or counsel acting on its behalf), may file the completed Acceptance of Service Form through the Court's Case Management/Electronic Case Files ("CM/ECF") System within forty-five (45) days from the date of this Order.

10. As to any Defendant for whom service is waived pursuant to Federal Rule of Procedure 4(d) and the MOU, a response to the Complaint must be filed within sixty (60) days of the date of this Order.

11. If no completed Acceptance of Service Form is filed within forty-five (45) days of the date of this Order, or if waiver of service pursuant to Federal Rule of Civil Procedure 4(d)

and the MOU is declined as to any Defendant(s), the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), as to the relevant Defendant(s).

12. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

13. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

14. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

15. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Lowery is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

16. Once discovery is permitted, Lowery should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Lowery shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

17. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

18. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

19. Lowery may file a motion for voluntary dismissal of this case at any time if Lowery decides not to pursue it. In making this decision, Lowery should consider the statute of limitations.

BY THE COURT:

*s/Catherine Henry*

**CATHERINE HENRY, J.**

## ACCEPTANCE OF SERVICE FORM

This form is filed in accordance with the Memorandum of Understanding between the Pennsylvania Department of Corrections and the United States District Court for the Eastern District of Pennsylvania, for the following case:

**Case Name:** Lowery v. Schnader

**Case Number:** 25-0035

**DOC Location:** SCI Phoenix

|    | **Defendant's Name** | **Waive Service?** | **Additional Information*** |
|----|----------------------|--------------------|-----------------------------|
| 1  | Michael Schnader     | Y / N              |                             |
| 2  |                      | Y / N              |                             |
| 3  |                      | Y / N              |                             |
| 4  |                      | Y / N              |                             |
| 5  |                      | Y / N              |                             |
| 6  |                      | Y / N              |                             |
| 7  |                      | Y / N              |                             |
| 8  |                      | Y / N              |                             |
| 9  |                      | Y / N              |                             |
| 10 |                      | Y / N              |                             |

* **Please provide reasons for declining waiver (such as defendant unknown, defendant not an employee, defendant no longer an employee, or other [state reason]). Please provide name(s) of Doe defendants or efforts made to identify Doe defendants. If this Form has been forwarded to another DOC location or to a third party, please so indicate. Attach additional pages as necessary.**

_____    _____
Signature                                                    Printed Name

_____
Date

**Once completed, file this Form using your PACER account**. Select the "Service of Process" category, then select the event "Acceptance of Service – by Agreement".
**Filing this Form does not constitute an Entry of Appearance.**